Filed 3/16/26  P. v. Patton CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084104 |
| v. | (Super.Ct.No. RIF74491) |
| TYRONE JERRY PATTON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.
Affirmed.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, and Juliet W. Park, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Tyrone Jerry Patton appeals from the order of the Riverside County Superior Court denying his Penal Code section 1172.6 petition after an evidentiary hearing.[1]  We will affirm.

## BACKGROUND

In 1996, defendant and his codefendants, Robert Lee Smith (also known as Tushay or Touché) and Ruman Abdul Richardson (also known as Diamond) decided to rob a convenience store.  Richardson drove defendant and Smith to the store and waited outside while defendant and Smith went into the store.  During the robbery, Smith shot and killed the 34-year-old store owner, Kyung Rim (the victim), because the victim refused to give Smith the store's telephone.

A witness, Lawrence S. Chamalbide, who was in his car on his way to the victim's store, saw two people wearing dark clothes running out of the store and saw one of those persons had a gun.  He tried to pursue them but stopped when he heard the person standing outside of a waiting car shout, "'Shoot him.  Shoot him'" followed by the sound of gunfire.  After the shot was fired, the two running men got into the waiting car and drove off.

The defendant and his codefendants were arrested in April 1997 and charged with murder (§ 187).  The information also alleged that the murder was committed by defendant and Smith in the course of a robbery (§§ 211, 190.2, subd. (a)(17)(A)), that a

---

[1]  Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For the sake of simplicity, we will refer to the provision by its new numbering.  All further statutory references are to the Penal Code.

principal personally used a firearm (§§ 12022, subd. (a)(1)), and that defendant and Smith personally used a firearm (§§ 1192.7, subd. (c)(8), 12022.5, subd. (a)).

In 2002, following a joint trial, a jury found defendant guilty of murder in the first degree and found true the robbery-murder special circumstance and firearm allegations. The trial court sentenced defendant to life without the possibility of parole, imposed a concurrent four-year term for the personal use of a firearm, and stayed a one-year term for being armed with a firearm. Defendant and Richardson appealed the judgment and we affirmed their convictions. (*People v. Richardson* (Sept. 12, 2003, E032165) [nonpub. opn.].)

In August 2021, the trial court set a resentencing/modification hearing in response to a letter from the Division of Adult Institutions (a division of the California Department of Corrections and Rehabilitation). That hearing resulted in vacating and then reinstating but staying the four-year sentence for the personal use of firearm conviction.

In September 2021, defendant filed a section 1172.6 petition for resentencing that was opposed by the People. The trial court issued an order to show cause why defendant should not be resentenced and, after a May 2024 evidentiary hearing, the trial court denied defendant's petition. Defendant noticed this appeal.

## DISCUSSION

On appeal, defendant argues that reversal of the order denying his resentencing petition and remand with instructions to dismiss the murder conviction and special circumstances is called for because (i) the trial court improperly relied on this court's factual summary in our opinion issued in an appeal taken by codefendant Richardson

3

(*People v. Richardson* (2022) 79 Cal.App.5th 1085 (*Richardson I*)), and (ii) the evidence did not establish that defendant was a major participant who acted with reckless indifference to human life.

I. ***The Sufficiency of the Evidence to Support the Trial Court's Finding That Defendant Was a Major Participant Who Acted with Reckless Disregard for Human Life***

The trial court found that the People proved beyond a reasonable doubt that defendant is guilty of murder as a major participant who acted with reckless disregard as defined after the 2019 amendments to "the law of murder," that is section 189, and, accordingly, denied defendant's petition for resentencing. Defendant argues that the finding is not supported by sufficient evidence.

A. *The Statutory Backdrop*

In 2018, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.), Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019, that amended sections 188 and 189 to significantly limit the reach of the felony-murder rule and to eliminate the natural and probable consequences doctrine in cases of first- and second-degree murder as it applies to aiding and abetting. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) The bill also added section 1172.6 to provide a procedural mechanism for defendants who could no longer be convicted of murder because of the amendments to petition for retroactive relief. (Sen. Bill No. 775 (2021–2022 Reg. Sess.); *Lewis*, *supra*, at p. 959.)

To obtain section 1172.6 resentencing relief with respect to a murder or attempted murder conviction, a defendant must file a petition that alleges (i) a complaint,

4

information, or indictment was filed against the defendant that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) the defendant was convicted of murder or attempted murder following a trial; and (3) the defendant could not now be convicted of murder or attempted murder because of the changes made to sections 188 and 189, effective January 1, 2019.  (§ 1172.6, subd. (a).)

Section 189 as amended effective January 1, 2019, provides in relevant part that a participant in the perpetration of a robbery in which a death occurs is liable for first degree murder only if it is proven that the participant was either (i) the actual killer; (ii) was not the actual killer but with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of the first degree murder; or, (iii) was a major participant in the underlying felony and acted with reckless indifference to human life.

Upon receipt of a petition that sets forth the required allegations, the trial court must conduct a prima facie analysis and hearing to determine the defendant's eligibility for relief.  (§ 1172.6, subds. (b)(3) & (c); *People v. Strong* (2022) 13 Cal.5th 698, 708; *Lewis*, *supra*, 11 Cal.5th at pp. 957, 960.)  If the defendant makes a prima facie showing of entitlement to relief, then the court must issue an order to show cause and hold an evidentiary hearing to determine if defendant is guilty of murder under sections 188 or 189 as amended by the changes to sections 188 or 189 made effective January 1, 2019.

(§ 1172.6, subds. (c), (d)(1) & (2); *Richardson I*, *supra*, 79 Cal.App.5th at pp. 1089–1090.)

We review the trial court's denial of a section 1172.6 petition after a full hearing for substantial evidence. (*Richardson I*, *supra*, 70 Cal.App.5th at p. 1090.) That is, we examine the entire record in the light most favorable to the judgment to determine whether there is evidence that is reasonable, credible, and of solid value that would support the finding of a rational trier of fact that the defendant was guilty beyond a reasonable doubt. (*Ibid.*)

B. *The Sufficiency of Evidence to Support the Trial Court's Finding That Defendant Was a Major Participant Who Acted with Reckless Indifference to Human Life*

Defendant acknowledges that he was armed when he and Smith went into the convenience store with the intention to commit a robbery, and acknowledges he fired his gun when running away from the scene after Smith shot the victim. He argues, however, that the evidence does not support the trial court's finding that he was a major participant in the robbery who acted with reckless indifference to human life. We are not persuaded.

(i) *Defendant Was a Major Participant*

The term "major participant" simply means that a defendant was personally active and substantially involved in the events leading up to a murder. (*People v. Banks* (2015) 61 Cal.4th 788, 802–803 (*Banks*).) In *Banks*, California's Supreme Court provided a list of considerations relevant to deciding whether a defendant is a major participant. (*Id.*, at p. 803.)

6

The factors *Banks* suggested for consideration are: (i) the defendant's role in planning the criminal enterprise that led to the death; (ii) the defendant's role in supplying or using lethal weapons; (iii) the defendant's awareness of the particular dangers posed by the nature of the crime, the weapons used, or defendant's past experience or conduct of the other participants; (iv) whether the defendant was present at the scene of the killing, in a position to facilitate or prevent the actual murder, and whether defendant's own actions or inaction play a particular role in the death; and, (v) what the defendant did after lethal force was used. (*Banks*, *supra*, 61 Cal.4th at p. 803.) *Banks* cautioned that none of the foregoing considerations is necessary, nor is any one of them necessarily sufficient, and concluded that the ultimate question is whether the defendant's participation in criminal activities known to carry a grave risk of death was significant enough to be considered major. (*Ibid.*)

Here, the record establishes that defendant was a major participant. He was involved in planning to rob the convenience store while he and Smith were in Richardson's car. Richardson drove defendant and Smith to the store and waited outside while defendant and Smith entered the store with the intent of robbing it. Defendant and Smith wore dark clothing and beanies, and concealed their faces with dark bandanas. Defendant was armed with a large gun described as a .357 and Smith had a smaller gun, a .38 or a nine-millimeter. Richardson waited outside with the car.

When defendant and Smith entered the store, defendant grabbed a surveillance camera and turned it inward towards the wall so it would not be able to capture anything coming through the door. There is no evidence that defendant tried to stop Smith from

7

shooting the victim or that defendant made any effort to get help for the victim. After Smith shot the victim, defendant and Smith came out of the store and began running side by side toward the car where Richardson was waiting, with witness Chamalbide pursuing them in his car. When Richardson shouted "'Shoot him[,] Shoot him'" defendant shot at Chamalbide's car. Defendant and Smith got into Richardson's car and they drove off.

Defendant argues that he cannot properly be found to be a major participant because there is no evidence of some of the *Banks* considerations such as defendant providing the gun used to kill the victim, or that he was either aware of any threat posed by Smith or of the particular dangers of an armed robbery. What defendant overlooks is that, as noted *ante*, *Banks* made clear that the factors it mentions are not a checklist of findings that must be made before a trial court can find that a defendant was a major participant, but are suggestions of circumstances that a trial court might find useful to consider when making that determination. (*Banks*, *supra*, 61 Cal.4th at p. 803.)

In connection with his claim of insufficiency of evidence to support a finding he was a major participant, defendant argues the robbery was "'garden variety,'" that the record demonstrates that the crime was committed at "spur of the moment," that the "entire incident transpired in mere minutes," and that the evidence establishes he did not intend for the robbery to have lethal consequences.

The record does not support defendant's assertions. Rather, it establishes that the defendant and his codefendants made plans and preparations to commit the robbery such as donning dark clothes and beanies, carrying firearms, having bandanas to cover their faces, and taking the license plates off of Richardson's car. Once in the store, defendant

8

and Smith did not simply empty the cash registers and run out of the store. Rather, Smith ordered the victim to get down on the ground and count the "twenties" (a likely reference to 20 dollar bills) and defendant took the time to take the victim's wallet.

Too, another witness, Roberta Goff, who was in a phone booth next to the store's front door and had a clear view of the door because she was facing it, did not see anyone enter the store. She had been in the phone booth for about 15 or 20 minutes when she saw two people dressed in all dark clothing with their faces covered with bandanas and wearing beanies run out of the store.

Defendant also posits that he did not use deadly force when he shot the gun because he "deliberately avoided" using such force when he had the chance as evidenced by, according to defendant, witness Chamalbide's statement that defendant fired a shot into the air and that the gun was not pointed at Chamalbide. Overlooked is Chamalbide's testimony that he only heard the loud boom of the gunshot and that he did not see the gun as well as defendant's acknowledgment that he shot at Chamalbide's car.

(ii) *Defendant Acted with Reckless Indifference Toward Human Life*

In *People v. Clark* (2016) 63 Cal.4th 522, 618–623 (*Clark*) the California Supreme Court provided guidance in deciding whether a defendant's conduct demonstrated reckless indifference to human life. It embraced the view expressed by the United States Supreme Court in *Tison v. Arizona* (1987) 481 U.S. 137 that reckless indifference to human life encompasses a defendant's willingness to kill, or assist another in killing, to achieve a distinct aim, even if the defendant did not specifically wish for death to be the outcome of his or her actions. (*Clark*, *supra*, at pp. 616–617.)

9

*Clark* provided a nonexhaustive list of factors relevant to a reckless indifference determination, including awareness of or use of weapons during the crime, the defendant's presence at the scene and opportunities to restrain the crime or aid the victim, the duration of the crime, the defendant's knowledge of the other participant's likelihood of killing, and the defendant's effort to minimize the risk during the felony. (*Clark*, *supra*, 63 Cal.4th at pp. 618–623.) It also noted that the interrelationship between being a major participant and having reckless indifference to human life significantly overlap and that, in general, the greater the defendant's participation in the felony murder, the more likely it is that the defendant acted with reckless indifference to human life. (*Id.*, at pp. 614–615.)

Here, as noted *ante*, defendant participated in making the plan to go to the convenience store and rob it, both he and Smith carried loaded firearms into the store, defendant was present when Smith shot the victim, and there is no evidence that defendant attempted to stop Smith from shooting the victim or that defendant made any effort to help the victim after the victim was shot. Moreover, as defendant was running away from the store, he shot at witness Chamalbide's car while Chamalbide was in it, and that shooting took place on a public street in an area where people, including a high school student who heard the shot, were living. We find those circumstances provide sufficient support for a finding that defendant acted with reckless disregard for human life.

## II. *The Consideration of Our Opinion in Richardson*

Defendant claims the trial court erred because it failed to independently review the evidence when deciding his section 1172.6 resentencing petition but instead relied on our opinion in *Richardson I*, *supra*, 79 Cal.App.5th 1085. There, we found sufficient evidence supported the trial court's conclusion that Richardson (the driver of the car) was a major participant in the robbery and affirmed the trial court's denial of Richardson's section 1172.6 petition. (*Id.*, at p. 1092.)

Subdivision (d)(3) of section 1172.6 provides in relevant part that the trial court may consider the procedural history of the case recited in any prior appellate opinion. We have found that, by specifically authorizing the consideration of the procedural history, the Legislature has decided that factual summary in a prior appellate opinion should not be relied upon when a section 1172.6 petition reaches the stage of a full-fledged evidentiary hearing. (*People v. Clements* (2022) 75 Cal.App.5th 276, 292.)

The record does not support defendant's claim that the trial court's decision was based on our factual summary in *Richardson I*. At the beginning of the hearing, the trial court advised the parties that it had presided over Richardson's section 1172.6 petition and found that Richardson, though a getaway driver, was a major participant acting with reckless disregard, that it had reviewed all of the facts of defendant's case, and that its tentative decision was based on the evidence adduced at trial which established that defendant was a person who not only knew that deadly force was available but actually employed deadly force during the commission of the robbery.

11

After giving the parties an opportunity to argue, the trial court announced it was going to read from our *Richardson I* opinion, which is a part of the record in defendant's case, and that by so doing the court was "not saying that their statement of facts is the statement [the court is] taking" but that it was using it "just for the analysis" used in our opinion *Richardson I* opinion affirming the trial court's denial of Mr. Richardson's section 1172.6 petition.  (*Richardson I*, *supra*, 79 Cal.App.5th at p. 1092.)  In that connection, the court stated that it had read the transcripts of what the witnesses had to say and noted a portion of the testimony that it felt was "probably the most damning." The trial court then proceeded to read this court's approach to analyzing the facts in *Richardson I*, stating a point of law set forth in our opinion and then appropriately applying the facts in defendant's case.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.
CODRINGTON
J.